# Gleason & Koatz, LLP

122 East 42nd Street
New York, New York 10168
Tel: 212-986-1544
www.gleasonkoatz.com

April 5, 2013

By Email to: "Abrams_NYSDChambers@nysd.uscourts.gov"

Honorable Ronnie Abrams
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Honorable Ronald L. Ellis
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/5/13

Re: Urtubia v. BA Victory Corp. et al., Case No. 11-cv-2901 (RA) (RLE)

May It Please the Court:

I represent defendants BA Victory Corp. and Ismael Alba (collectively, the "Defendants") in the above-referenced action.

I submit this letter in compliance with the Court's March 29, 2013 Order [Dkt. #63] which directed the parties to submit a joint-letter to the Court regarding Plaintiffs' proposed motion for summary judgment.

In a letter dated April 1, 2013, Defendants voiced their objections to Plaintiffs' application for additional time to seek summary judgment [Dkt. # 64]. Defendants provide the Court with the below analysis without prejudice to their objections to Plaintiffs' request for additional time to seek summary judgment.

Plaintiffs' counsel, Ms. Christensen, instructed me this morning that Plaintiffs will file a separate letter regarding their argument for summary judgment.

Summary judgment in favor of Plaintiffs and against Defendants is inappropriate.

Plaintiffs cannot demonstrate that "…there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a). The moving party bears the initial burden of establishing that there are no genuine issues of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). That burden may be satisfied by pointing out the absence of evidence to support the non-movant's claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

Defendants dispute Plaintiffs' allegations that they violated applicable law requiring them to pay Plaintiffs certain wages. As proof of Defendants' dispute there are payroll records pertaining to each plaintiff. The records detail the hours worked by each plaintiff, and the overtime paid to Plaintiffs for each hour of overtime worked. These records were produced by Defendants to Plaintiffs during discovery.

These records defeat Plaintiffs' motion because in the presences of the records Plaintiffs cannot show that there is no genuine issue of material fact as to their hours worked.

In the event the Court permits Plaintiffs to seek summary judgment, Defendants seek leave of Court to file a cross-motion for summary judgment in their favor and against Plaintiffs. As stated above, Defendants maintained complete and accurate payroll records which demonstrate Defendants paid Plaintiffs in compliance with New York State and Federal overtime pay regulations. Defendants are therefore entitled to summary judgment in their favor.

Respectfully submitted,

Gleason & Koatz, LLP

By: /s/ *John P. Gleason*
      John P. Gleason


CC:    Jeanne Christensen
         Imbesi Christensen, PLLC
         450 Seventh Avenue, Suite 3002
         New York, New York 10123
         (646) 380-9555
         *Attorneys for Plaintiffs*