UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------ X
JAIME URTUBIA, Individually
and on behalf of all other persons
similarly situated,

   Plaintiff,

   -against-

BA VICTORY CORP. and
ISMAEL ALBA,

   Defendants.
------------------------------------------------ X

Case No. 11 cv 2901 (RA)(RLE)

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION
SEEKING SUMMARY JUDGMENT**

**GLEASON & KOATZ, LLP**
122 East 42nd Street
New York, New York 10168
(212) 986-1544
Counsel for BA Victory Corp and Ismael Alba
John P. Gleason, of counsel and on the Brief
Rachel Black-Maier, on the Brief

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................... 3

PRELIMINARY STATEMENT ............................................................................. 6

FACTS ..................................................................................................................... 7

ARGUMENT ........................................................................................................... 7

     I. PLAINTIFFS FAIL TO SATISFY THEIR BURDEN:
        SUMMARY JUDGMENT IS NOT WARRANTED……………………..7

     II. PLAINTIFFS ARE NOT ENTITLED TO SUMMARY JUDGMENT
        ON THEIR OVERTIME AND SPREAD OF
        HOURS CLAIM…..………………………………………………………9

     III. PLAINTIFFS ARE NOT ENTITLED TO SUMMARY
         JUDGMENT ON THEIR TIP CLAIMS…………………………………11

     IV. INADMISSIBLE EVIDENCE MAY NOT BE
         CONSIDERED……………………………………………………………13

     V. SUMMARY JUDGMENT IS INAPPROPRIATE WHERE THERE
        EXISTS AN ISSUE OF WITNESS CREDIBILITY……………………16

     VI. DEFENDANTS DID NOT INTENTIONALLY DESTROY
         DOCUMENTS: A SPOLIATION ORDER
         IS NOT APPROPRIATE ……………………………………………….17

CONCLUSION...................................................................................................... 19

# TABLE OF AUTHORITIES

Cases:

*Anderson v. Liberty Lobby, Inc.*,
477 US 242, 261 (1986)……………………………………………………………..8

*Behzadi & Brenjian Carpet v. David & Son Oriental Antique Rugs Corp.*,
No. 07 Civ. 7073 (BSJ), 2009 U.S. Dist. LEXIS 28892, 2009 WL 773312, at 2
(S.D.N.Y., Mar. 19, 2009)'……………………………………………………………..8

*Celotex Corp. v. Catrett*,
477 U.S. 317, 323, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986)……………………….8

*Chemical Bank v. Hartford Insurance Company*,
82 F.R.D. 376, 378 (S.D.N.Y.1979)…………………………………………………16

*Coopersmith v. Gold*,
678 N.E.2d 469, (N.Y., 1997)………………………………………………………..14

*Cruden v. Bank of New York*,
957 F.2d 961, 975 (2d Cir.1992)……………………………………………………...9

*DeBejian v. Atlantic Testing Lab., Ltd.*,
64 F. Supp. 2d 85, 87 n.1 (N.D.N.Y. 1999)…………………………………………..9

*Farias v. Instructional Sys., Inc.*,
259 F.3d 91, 97 (2d Cir.2001)………………………………………………………...8

*Hellstrom v. United States Dep't of Veterans Affairs*,
201 F.3d 94, 97 (2d Cir. 2000)………………………………………………………..8

*Hiep v. Clark*,
1995 U.S. Dist. LEXIS 21206 (S.D.N.Y. Feb. 24, 1995)…………………………...14

*H.L. Hayden Co. of New York, Inc. v. Siemans Med. Sys. Inc.*,
879 F.2d 1005, 1011 (2d Cir.1989)…………………………………………………..9

*Hollander v. American Cyanamid Co.*,
172 F.3d 192, 197-98 (2d Cir. 1999)………………………………………………..13

*Kourtalis v. City of New York*,
594 N.Y.S.2d 325 (2nd Dept., 1993)………………………………………………..15

*Kuebel v. Black & Decker Inc.*,
643 F.3d 352, 361 (2d Cir. 2011)……………………………………………………………10

*Koon Chun Hing Kee Soy & Sauce Factory, Ltd. v. Murray Int'l Trading Co.*,
2008 U.S. Dist. LEXIS 30774 (E.D.N.Y. Apr. 14, 2008)……………………………………18

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
475 U.S. 574, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986)…………………………………......7

*Mendez v. Radec Corp.*,
232 F.R.D. 78, 85 (W.D.N.Y. 2005)………………………………………………………....9

*Mount Vernon Fire Ins. Co. v. Belize NY, Inc.*,
277 F.3d 232, 236 (2d Cir.2002)…………………………………………………………......8

*Patterson v. County of Oneida*,
375 F.3d 206, 219, 222-23 (2d Cir. 2004)………………………………………………….13

*Quinn v. Green Tree Credit Corp.*,
159 F.3d 759, 764 (2d Cir.1998)…………………………………………………………......8

*Raskin v. Wyatt Co.*,
125 F.3d 55, 66 (2d Cir. 1997)…………………………………………………………….13

*Residential Funding Corp. v. DeGeorge Financial Corp.*,
306 F.3d 99, 108, 107 (2d Cir. 2002)……………………………………………………..18

*Taylor v. New York University Medical Center*,
871 N.Y.S.2d 568 (N.Y.Sup. 2008)………………………………………………………..14

*Transway Finance Co. v. Gershon*,
 92 F.R.D. 777, 778-779 (E.D.N.Y. 1982)…………………………………………………16

*United States v. Private Sanitation Industry Association of Nassau/Suffolk, Inc.*,
44 F.3d 1082, 1084 (2d Cir. 1995)…………………………………………………………14

*U.S. Info. Sys. v. IBEW Local Union No. 3*,
2006 U.S. Dist. LEXIS 52938 (S.D.N.Y. Aug. 1, 2006)……………………………………15

*White v. Fuji Photo Film USA, Inc.*,
2009 U.S. Dist. LEXIS 45555, 2009 WL 1528546,
(S.D.N.Y. June 1, 2009)……………………………………………………………………18

*Zheng v. Liberty Apparel Co. Inc.*,
355 F.3d 61, 78 (2d Cir. 2003)……………………………………………………….....9

*Zubulake v. UBS Warburg LLC*,
220 F.R.D. 212, 220 (S.D.N.Y. 2003)……………………………………………….18

Defendants Ismael Alba ("Alba") and BA Victory Corp. ("BA" together with Alba collectively, the "Defendants") respectfully submit the within memorandum of law in opposition to the motion seeking summary judgment (the "Motion") filed by plaintiffs Jaime Urtubia ("Urtubia"), Rolando Liriano ("Liriano"), Jesus Leal ("Leal"), Emanuel Morales ("Morales") and Javier Vera ("Vera" together with Urtubia, Liriano, Leal and Morales, the "Plaintiffs").

## PRELIMINARY STATEMENT

The Motion should be denied. Plaintiffs are not entitled to summary judgment because material issues of fact abound.

Plaintiffs submit deposition transcripts, declarations and inadmissible documents from the New York Department of Labor to support the Motion. However, the very documents raise significant issues of material fact that must be examined by the trier of fact.

Plaintiffs argue that because Defendants' payroll records are allegedly insufficient under state and federal law, that they should be permitted to prove their case on deposition testimony alone. Where Plaintiffs seek to prove their case through testimony alone, Defendants are permitted to test their credibility at trial before through cross-examination.

The crux of Plaintiffs' argument is that Defendants did not maintain adequate records and therefore they cannot rebut Plaintiffs' overtime and tip claims. This is incorrect. Defendants have payroll records sufficient to raise a

material issue of fact with regard to Plaintiffs' claims.

Plaintiffs falsely allege Defendants intentionally destroyed relevant documents and that a spoliation sanctions are necessary. This accusation is without merit. Defendants did not intentionally destroy relevant documents. Defendants' restaurant was flooded by storm and sewage water as a result of Hurricane Sandy. The flooding destroyed Defendants' files, computers surveillance system. Sanctions are unwarranted.

## STATEMENT OF FACTS

To conserve time and resources, the Court is respectfully referred to the Declarations of Karina De Marco and John P. Gleason dated May 31, 2013 and the exhibits annexed thereto for facts relevant to Defendants' opposition to the Motion.

## LEGAL ARGUMENT

### I. PLAINTIFFS FAIL TO SATISFY THEIR BURDEN: SUMMARY JUDGMENT IS NOT WARRANTED

The legal standard governing summary judgment requires Plaintiffs to submit overwhelming, admissible evidence in support of their Motion. Plaintiffs fail to satisfy this standard. Instead, Plaintiffs rely upon their own testimony submitted by way of uncorroborated deposition transcripts and inadmissible evidence.

Plaintiffs fail to meet the standard articulated in Fed. R. Civ. P. 56(c), which authorizes courts to grant summary judgment only where "no genuine issue as to any material fact. . . the moving party is entitled to a judgment as a matter of law. . . where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S.

574, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986).

Plaintiffs – the moving party – have the burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). Plaintiffs fail at this task.

Defendants produce accurate payroll documents that are admissible in evidence at trial demonstrating Plaintiffs did not work overtime hours. These payroll records demonstrate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Moreover, these factual questions must be resolved by the Court who must draw all inferences in favor of the non-movant -- Defendants. *Matushita* 475 U.S. at 586 ("[t]he Second Circuit has held that 'summary judgment should only be granted if "after discovery, the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof."'"), *Behzadi & Brenjian Carpet v. David & Son Oriental Antique Rugs Corp.*, No. 07 Civ. 7073 (BSJ), 2009 U.S. Dist. LEXIS 28892, 2009 WL 773312, at 2 (S.D.N.Y., Mar. 19, 2009) (quoting *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 303 (2d Cir. 2003), *Hellstrom v. United States Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000) (alterations in original), *Mount Vernon Fire Ins. Co. v. Belize NY, Inc.,* 277 F.3d 232, 236 (2d Cir.2002) (The Court should "constru[e] the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor."), *Farias v. Instructional Sys., Inc.,* 259 F.3d 91, 97 (2d Cir.2001), *Quinn v. Green Tree Credit Corp.,* 159 F.3d 759, 764 (2d Cir.1998); see also *Anderson v. Liberty Lobby,*

*Inc.,* 477 US 242, 261 (1986), *Cruden v. Bank of New York,* 957 F.2d 961, 975 (2d Cir.1992) ("[o]nly when no reasonable trier of fact could find in favor of the nonmoving party should summary judgment be granted.") (quoting *H.L. Hayden Co. of New York, Inc. v. Siemans Med. Sys. Inc.,* 879 F.2d 1005, 1011 (2d Cir.1989)).

This matter is rife with issues of material fact. Plaintiffs cannot approximate their overtime worked – they cannot recall the number of days they worked per week. Plaintiffs' approximations give rise to more questions than answers. Summary judgment is not appropriate.

II. PLAINTIFFS ARE NOT ENTITLED TO SUMMARY JUDGMENT ON THEIR OVERTIME AND SPREAD OF HOURS CLAIMS

Plaintiffs fail to demonstrate that no material issue of fact exists that Defendants violated the Fair Labor Standards Act (the "FLSA") and applicable New York law. So much so that it is clear that the parties disagree as to almost all facts material to this case. Defendants are entitled to a jury trial to resolve these factual inconsistencies.

Plaintiffs fail to satisfy their burden of proof under the FLSA. In order to prevail on their FLSA claims, Plaintiffs must show: (1) that they are employees subject to the protections of the FLSA, (2) that they performed overtime work, (3) that they were not compensated with overtime pay for overtime work performed, and (4) there is sufficient evidence, documentary or otherwise in support of their claim for the number of overtime hours claimed[1]. See e.g., *Mendez v. Radec Corp.*,

---

[1] The provisions of FLSA and NYLL governing overtime compensation almost identical; therefore, liability for overtime compensation under NYLL may be analyzed using FLSA case law. See *Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 78 (2d Cir. 2003); see also *DeBejian v. Atlantic Testing Lab., Ltd.*., 64

232 F.R.D. 78, 85 (W.D.N.Y. 2005) (Larimer, J.), *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 361 (2d Cir. 2011), see also 29 U.S.C. § 207(a)(1), and N.Y. Comp. Codes R. & Regs. tit. 12 § 142-2.2.

Defendants concede Plaintiffs have demonstrated that they are eligible employees. That is where the certainties in Plaintiffs' case end.

Plaintiffs cannot prove requirements (2)-(4). That is, they cannot prove – through documentary evidence or otherwise – that they worked overtime and were not compensated for those overtime hours.

In support of the Motion defendants produce (1) deposition testimony from Plaintiffs Urtubia, Liriano, Leal and Morales, (2) declarations from Plaintiffs and (3) inadmissible documents from the New York Department of Labor.

During their depositions, Plaintiffs could not articulate their weekly hours worked, or exact schedule. None of the Plaintiffs maintained written notes of their hours worked. Similarly, Plaintiffs cannot demonstrate that they worked continuous hours sufficient to qualify for New York's spread-of-hours pay. They admit their knowledge of their hours worked is vague and imprecise. During his deposition, when asked about his hours worked during the first five months of his employment with BA, Urtubia stated "I couldn't tell you… at least ten hours every --- more than ten hours… About twenty hours a week…. Maybe fifteen to twenty hours a week, maybe". (Exhibit K to the Christensen Declaration, P. 34).

Defendants produce time sheets completed and signed by Urtubia which

---

F. Supp. 2d 85, 87 n.1 (N.D.N.Y. 1999). Accordingly, this analysis will refer to federal wage and hour law.

demonstrate he worked from 16 hours up to forty hours a week. (Exhibit H to the Christensen Declaration, p 31). These time sheets directly contradict Urtubia's vague testimony and along with Defendants' ADP records raise a material issue of fact.

III. <u>PLAINTIFFS ARE NOT ENTITLED TO SUMMARY JUDGMENT WITH REGARD TO THEIR TIP CLAIMS</u>

    a. <u>Plaintiffs Present No Evidence that the Tip Pooling Policy was Involuntary</u>

Plaintiffs' allegation that Defendants instituted a mandatory tip pooling policy is without factual support.

Plaintiffs themselves testified that they learned of the tip pooling policy from their fellow waiters – Plaintiffs did not testify that Alba or his wife instituted a mandatory tip policy.

Morales testified that he learned of the tip pooling practice from waiter Walter Stefano who informed him that the "tips go in the can" and that they would be distributed by check at the end of the week. (Exhibit N to the Christensen Declaration, P. 27). Liriano testified similarly that he learned about the tip pool from his fellow waiters: "talk between waiters and busboys…what we do, we pooling? Yes, we all share". (Exhibit L to the Christensen Declaration, P. 39). Corroborating Plaintiffs' account, Alba testified that the tip pool was "…not my business. It's their money". (Exhibit A to the Christensen Declaration, P. 39).

Plaintiffs' argument is conjecture and contradicted by Plaintiffs' own

testimony. Plaintiffs are not entitled to summary judgment on the issue of tip pooling, nor are they entitled to summary judgment with regard to the issue of the tip credit.

      b. <u>Defendants did not Unlawfully Retain Tips</u>

Plaintiffs argue that Defendants maintained custody of employee tips in violation of New York law. This allegation is without merit and unsupported by the record.

De Marco's deposition testimony is sufficient to raise a material issue of fact. She testified that at the end of each night the last remaining waiter would "count [the tips] and they divide [them]" (Exhibit B to the Christensen Declaration, P. 114) and that every tip pool participant is "entitled to count the tip as well". Id. at 125. She also testified that the waiter would place the counted and divided tips "next to the cashier" in envelops marked by the employees name. (Id. at 122).

De Marco's testimony that the waiters maintained custody of their own tips is sufficient to raise a material issue of fact.

      c. Plaintiffs Misstate the Law: 12 NYCRR 137-2.1 Did Not Require <u>Defendants to Maintain Records Regarding the Tip Pool</u>

Plaintiffs argue that "Defendants were required to maintain and preserve records relating to the tip pool arrangement". This is a blatant misstatement of New York law.

12 NYCRR 137-2.1 – in effect until January 1, 2011 – required employers to maintain records of employees' hours, wage rate, allowances, contact information

12

and other demographic information. Maintaining tip records is not required by 12 NYCRR 137-2.1 or in the rest of 12 NYCRR 137.

### IV. INADMISSIBLE EVIDENCE MAY NOT BE CONSIDERED

Plaintiffs submit documents provided by the New York Department of Labor (the "FOIL Documents"). (See: Exhibit C to the Christensen Declaration). These documents are inadmissible in evidence at trial and do not support summary judgment.

The FOIL documents refer to complaints filed with the New York Department of Labor (the "Department of Labor") by Henry Canosa, Walter Stefano and Jose Cruz which allege Defendants violated certain wage and hour standards. Conspicuously, the FOIL Documents do not include an order, or final determination by the Department of Labor that Defendants violated New York law.

When ruling on a summary judgment motion, courts may only consider admissible evidence. *Raskin v. Wyatt Co.*, 125 F.3d 55, 66 (2d Cir. 1997) ("[t]he principles governing admissibility of evidence do not change on a motion for summary judgment."). Rule 56(e) of the Federal Rules of Civil Procedure requires that affidavits "be made on personal knowledge, [and] set forth such facts as would be admissible in evidence." Fed. R. Civ. P. 56(e).

Accordingly, the Court may disregard inadmissible statements and documents in parties' summary judgment submissions. *See Patterson v. County of Oneida*, 375 F.3d 206, 219, 222-23 (2d Cir. 2004), *Hollander v. American*

*Cyanamid Co.*, 172 F.3d 192, 197-98 (2d Cir. 1999), *United States v. Private Sanitation Industry Association of Nassau/Suffolk, Inc.*, 44 F.3d 1082, 1084 (2d Cir. 1995), 11 James Wm. Moore et al., Moore's Federal Practice § 56.14[4][a] (affidavits, deposition testimony, and documents containing inadmissible evidence properly disregarded).

Plaintiffs submit the FOIL Documents because they would like the Court to conclude that the FOIL Documents prove Defendants are guilty of violating applicable wage and hour laws as to Plaintiffs.

This tactic is barred by the Federal Rules of Evidence.

Evidence of prior bad acts is not admissible for the purpose of proving that Defendants acted in conformity with the prior incidents. Fed. R. Evid. 404(b) ("[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."), *Hiep v. Clark*, 1995 U.S. Dist. LEXIS 21206 (S.D.N.Y. Feb. 24, 1995), *Taylor v. New York University Medical Center,* 871 N.Y.S.2d 568 (N.Y.Sup. 2008) (evidence of an incident involving alleged inappropriate comments to a female worker by director of public affairs for university medical center, and evidence that medical center paid for director's legal fees, suggesting that medical center was condoning improper conduct by director, was inadmissible at trial in action by terminated employee for discrimination based on sexual orientation), *Coopersmith v. Gold*, 678 N.E.2d 469, (N.Y., 1997) (testimony of four former patients of psychiatrist, who claimed to have been sexually involved with

14

psychiatrist, was inadmissible to prove that psychiatrist later perpetrated same act on unrelated occasion in action brought by patient who alleged that psychiatrist improperly engaged in sexual relationship with her during course of treatment), *Kourtalis v. City of New York*, 594 N.Y.S.2d 325 (2nd Dept., 1993) (introduction of civilian complaints against city transit authority police officer in action alleging assault and battery, false arrest and malicious prosecution violated rule that it is improper to prove that person did act on particular occasion by showing that he did similar act on different, unrelated occasion), *U.S. Info. Sys. v. IBEW Local Union No. 3*, 2006 U.S. Dist. LEXIS 52938 (S.D.N.Y. Aug. 1, 2006) (court declines to consider judicial and administrative opinions which allegedly demonstrated routine violations by employer).

The FOIL Documents contain notes with regard to prior investigations of Defendants' employment practices. Defendants settled the Department of Labor matters for valid reasons other than guilt. (Demarco Declaration, ¶ 33). Defendants did not admit that they violated wage and hour laws, nor did the Department of Labor make an official conclusion regarding Defendants' wage and hour practices. (Exhibit C to the Christensen Declaration).

Plaintiffs may not use the FOIL Records to prove that Defendants violated wage and hour laws. Internal Department of Labor documents which examined Defendants' wage and hour practices with regard to employees other than the Plaintiffs are not admissible and must be disregarded.

Applicable law and fairness compel the Court to disregard the FOIL

Documents.

### V. SUMMARY JUDGMENT IS INAPPROPRIATE WHERE THERE EXISTS AN ISSUE OF WITNESS CREDIBILITY

Summary judgment is particularly inappropriate, as it is here, when the disputed facts are colored by the motivations of interested witnesses. *Cross v. United States*, 336 F.2d 431, 433 (2d Cir. 1964), *Chemical Bank v. Hartford Insurance Company*, 82 F.R.D. 376, 378 (S.D.N.Y.1979). Moore's Federal Practice, § 56.15(4) at 56-526.

Plaintiffs rely on their deposition testimony alone in support of summary judgment – they do not submit admissible documents, disinterested third party testimony or sworn affidavits.

A jury is necessary to evaluate Plaintiffs' testimony, and, specifically to observe Plaintiffs' demeanor under cross-examination. Defendants deposed Liriano, Leal, Urtubia and Morales. However, the "right to use depositions for discovery … does not mean that they are to supplant the right to call and examine the adverse part(ies) … before the (trier of fact) …." *Cross*, supra at 434 quoting *Arnstein v. Porter*, 154 F.2d 464, 470 (2d Cir. 1946), *Transway Finance Co. v. Gershon*, 92 F.R.D. 777, 778-779 (E.D.N.Y. 1982).

Plaintiffs have placed their credibility in question by relying upon their testimony alone to seek summary judgment. It follows, therefore, that a jury is required to evaluate Plaintiffs' credibility at trial and determine liability.

Inconsistencies, errors and doubt dominate Plaintiffs' deposition testimony. Liriano, for example, when asked how many hours he worked per

week admitted "I did not keep track of that". (Exhibit L to the Christensen Declaration, p 52). Leal, when asked how many overtime hours he worked per week stated "I assume 30", when asked how many hours he worked in the restaurant per week, equivocating, Leal stated he worked "sixty". (Exhibit M to the Christensen Declaration, p 46). Further confusion arises from contradictions in the Plaintiffs' testimony. For example, Morales testified that employees were paid Wednesday (Exhibit H to the Christensen Declaration, p 31), but Liriano testified the employees were paid Thursday (Exhibit N to the Christensen Declaration, p 17). These ambiguities, equivocations and contradictions taken collectively, point to Plaintiffs' lack credibility – and to the existence of material issues of fact.

Plaintiffs may not rely on interested and flawed testimony alone. Summary judgment is not warranted.

## VI. DEFENDANTS DID NOT INTENTIONALLY DESTROY DOCUMENTS: A SPOLIATION ORDER IS NOT WARRANTED

Defendants did not intentionally destroy relevant documents.

De Marco stored the Restaurant's payroll and tip documents in file cabinets in the Defendants' office located in the restaurant they operate, Buenos Aires (the "<u>Restaurant</u>"). (De Marco Declaration, ¶28). The files were kept on the floor of the Restaurant's office, which is located in the basement. Id. The basement is below sea level and is kept dry by an electric water pump. Id. at ¶ 29.

The files were destroyed when Hurricane Sandy struck Manhattan in late October 2012. Id. at ¶ 30. The Restaurant lost electricity. Id. Without electricity the

pump could not function causing the Restaurant's basement to flood. Id. The Restaurant's files, computer and surveillance system were destroyed by the resulting flooding.

Defendants were powerless to save the files and documents – they did not intentionally cause the files to be destroyed, nor were they negligent.

The law places the burden on Plaintiffs to establish each element of their spoliation claim. *White v. Fuji Photo Film USA, Inc.*, 2009 U.S. Dist. LEXIS 45555, 2009 WL 1528546, at 1 (S.D.N.Y. June 1, 2009). Plaintiffs fail at this task.

In order to show spoliation, Plaintiffs must demonstrate the following: (1) that its adversary had control of the evidence and a duty to preserve it at the time it was lost or destroyed; (2) that the adversary had a "culpable state of mind" when the evidence was lost or destroyed; and, (3) that the lost or destroyed evidence was "relevant" to the moving party's claims such that a reasonable trier of fact could find that it would support a claim. See *Residential Funding Corp. v. DeGeorge Financial Corp.*, 306 F.3d 99, 108, 107 (2d Cir. 2002); see also *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 220 (S.D.N.Y. 2003).

Spoliation sanctions are a harsh sanction and should be extreme instances of discovery failure. *Koon Chun Hing Kee Soy & Sauce Factory, Ltd. v. Murray Int'l Trading Co.*, 2008 U.S. Dist. LEXIS 30774 (E.D.N.Y. Apr. 14, 2008).

Plaintiffs cannot prove the second prong of the spoliation analysis. That is, they cannot show that Defendants had a culpable state of mind when the

payroll records destroyed.

Sanctions are inappropriate here. Defendants are victims of a natural disaster that ravaged Lower Manhattan in October 2012. They did not violate the litigation hold by intentionally destroying documents -- their restaurant was damaged by an unforeseen natural disaster.

Spoliation sanctions are therefore unwarranted.

## CONCLUSION

For all the foregoing reasons the Motion should be denied.

Dated: New York, New York
    May 31, 2013

                                Gleason & Koatz, LLP

                                By: /s/ *John P. Gleason*
                                    John P. Gleason
                                122 East 42nd Street
                                New York, New York 10168
                                (212) 986-1544