UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------- X

JAIME URTUBIA, Individually                          )
and on behalf of all other persons                  )
similarly situated,                                  )
                                                     )
                                                     )    Case No. 11 cv 2901 (LTS)(RLE)
        Plaintiff,                                   )
                                                     )
          -against-                                  )
                                                     )
                                                     )
                                                     )
BA VICTORY CORP. and                                 )
ISMAEL ALBA,                                         )
                                                     )
        Defendants.                                  )
                                                     )
                                                     )
---------------------------------------------- X

THE FOLLOWING FACTS ARE GENUINLY DISPUTED
AND ARE SUPPORTED BY THE FOLLOWING FACTS

Pursuant to Rule 56.1 of the Federal Rules of Civil Procedure and the Local

Rules of the United States District Court for the Southern District of New York,

Defendants submit the following facts that are genuinely disputed:

1. Admitted.

2. Admitted.

3. The restaurant was opened in 2006.

4. Admitted.

5.      Denied, except to admit that Ismael Alba and Karina DeMarco hire employees but they do not determine the rate and method of pay, which are determined by applicable law.

6.      Denied. It is irrelevant whether the restaurant has or does use a "manager".

7.      Denied.

8.      Admitted.

9.      The Restaurant is open for lunch at 12 o'clock, or noon each day. (Alba: 15:10-14).

10.     Monday to Thursday, the Restaurant closes at twelve o'clock (Id. at 15:24-25; 16:2)

11.     Admitted, but one o'clock or earlier on Fridays and Saturdays (Id. at 16:7-11).

12.     Morales, Liriano and Leal ended their relationship with Defendants in 2010 (Morales Deposition, p. 8; Leal deposition, p. 37; Morales deposition, p. 27-30; Liriano deposition, p. 15-20, 26).

13.     Admitted.

14.     Denied.

15.     Denied: Leal was a waiter from November 3, 2009 to November 13, 2009 (Leal deposition, p. 57).

16.     Admitted.

17.     Admitted.

18.     Admitted.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied. The allegation is irrelevant and the facts it seeks to introduce would be inadmissible at trial.

23.     Denied. DOL documents are irrelevant and the facts they seek to introduce would be inadmissible at trial.

24.     Denied. DOL documents are irrelevant and the facts they seek to introduce would be inadmissible at trial.

25.     Denied. DOL documents are irrelevant and the facts they seek to introduce would be inadmissible at trial.

26.     Denied. DOL documents are irrelevant and the facts they seek to introduce would be inadmissible at trial. Moreover, conduct by DOL employees is irrelevant and inadmissible at trial.

27.     Denied. Such allegations are irrelevant to the issues at trial.

28.     Denied. DOL documents are irrelevant and the facts they seek to introduce would be inadmissible at trial. Moreover, conduct by DOL employees is irrelevant and inadmissible at trial.

29.       Denied. DOL documents are irrelevant and the facts they seek to introduce would be inadmissible at trial. Moreover, conduct by DOL employees is irrelevant and inadmissible at trial.

30.     Denied. DOL documents are irrelevant and the facts they seek to introduce would be inadmissible at trial. Moreover, conduct by DOL employees is irrelevant and inadmissible at trial.

31.     Denied. DOL documents are irrelevant and the facts they seek to introduce would be inadmissible at trial. Moreover, conduct by DOL employees is irrelevant and inadmissible at trial.

32.     Denied. DOL documents are irrelevant and the facts they seek to introduce would be inadmissible at trial. Moreover, conduct by DOL employees is irrelevant and inadmissible at trial.

33.     Denied. DOL documents are irrelevant and the facts they seek to introduce would be inadmissible at trial. Moreover, conduct by DOL employees is irrelevant and inadmissible at trial.

34.     Denied. DOL documents are irrelevant and the facts they seek to introduce would be inadmissible at trial. Moreover, conduct by DOL employees is irrelevant and inadmissible at trial.

35.     Denied. DOL documents are irrelevant and the facts they seek to introduce would be inadmissible at trial. Moreover, conduct by DOL employees is irrelevant and inadmissible at trial.

36.     Denied. DOL documents are irrelevant and the facts they seek to introduce would be inadmissible at trial. Moreover, conduct by DOL employees is irrelevant and inadmissible at trial.

37.     Denied. DOL documents are irrelevant and the facts they seek to introduce would be inadmissible at trial. Moreover, conduct by DOL employees is irrelevant and inadmissible at trial.

38.     Denied. DOL documents are irrelevant and the facts they seek to introduce would be inadmissible at trial. Moreover, conduct by DOL employees is irrelevant and inadmissible at trial.

39.     Denied. DOL documents are irrelevant and the facts they seek to introduce would be inadmissible at trial. Moreover, conduct by DOL employees is irrelevant and inadmissible at trial.

40.     Denied. DOL documents are irrelevant and the facts they seek to introduce would be inadmissible at trial. Moreover, conduct by DOL employees is irrelevant and inadmissible at trial.

41.     Denied. DOL documents are irrelevant and the facts they seek to introduce would be inadmissible at trial. Moreover, conduct by DOL employees is irrelevant and inadmissible at trial.

42.     Denied. DOL documents are irrelevant and the facts they seek to introduce would be inadmissible at trial. Moreover, conduct by DOL employees is irrelevant and inadmissible at trial.

43.     Denied. DOL documents are irrelevant and the facts they seek to introduce would be inadmissible at trial. Moreover, conduct by DOL employees is irrelevant and inadmissible at trial.

44.     Denied. DOL documents are irrelevant and the facts they seek to introduce would be inadmissible at trial. Moreover, conduct by DOL employees is irrelevant and inadmissible at trial.

45.     Denied. DOL documents are irrelevant and the facts they seek to introduce would be inadmissible at trial. Moreover, conduct by DOL employees is irrelevant and inadmissible at trial.

46.     Denied. DOL documents are irrelevant and the facts they seek to introduce would be inadmissible at trial. Moreover, conduct by DOL employees is irrelevant and inadmissible at trial.

47.     Denied. DOL decisions and actions are irrelevant and would be inadmissible at trial.

48.     Denied. DOL decisions and actions are irrelevant and would be inadmissible at trial and, likewise witnesses' comments about such decisions and actions are irrelevant and inadmissible at trial.

49.     Denied. DOL decisions and actions are irrelevant and would be inadmissible at trial and, likewise witnesses' comments about such decisions and actions are irrelevant and inadmissible at trial.

50.     Denied. DOL decisions and actions are irrelevant and would be inadmissible at trial and, likewise witnesses' comments about such decisions and actions are irrelevant and inadmissible at trial.

51.     Denied. Defendants paid employees lawful wages and told them they would be paid lawful wages. (Alba deposition, p. 40:21)

52.     Denied that defendants retained employees' tips. (Alba deposition, p. 62-63).

53.     Denied. None is required and the tip policy was well known by plaintiffs.

54.     Denied. Tips were handled by the plaintiffs. (Alba deposition, p. 63).

55.     Denied. Tips were handled by the plaintiffs. (Alba deposition, p. 63).

56.     Denied. (Alba deposition, p. 63).

57.     Denied. (Alba deposition, p. 63-64).

58.     Denied. (Alba deposition, p. 63-64).

59.     Denied. (Alba deposition, p. 63-64).

60.     Denied. This allegation is unclear. "Closing sheets" does not appear on the deposition pages cited by plaintiffs.

61.     Denied. This allegation is unclear. "Closing sheets" does not appear on the deposition pages cited by plaintiffs.

62.     Denied. This allegation is unclear. "Closing sheets" does not appear on the deposition pages cited by plaintiffs.

63.     Denied. This allegation is unclear. "Closing sheets" and "report sheets" do not appear on the deposition pages cited by plaintiffs.

64.     Denied. Defendants produced payroll records to plaintiffs. DOL proceedings are irrelevant and inadmissible at trial. Defendants are not required by law to maintain tip records.

65.    Denied. Such alleged testimony is inherently, and under the totality of the circumstances of this case, contradicted. Mr. Alba testified that no employee ever worked seven days a week. (Alba deposition, p. 41, 100 Plaintiff Urtubia "never word[ed] overtime"). Moreover, plaintiffs never asked Alba or De Marco at deposition the number of hours plaintiffs worked each week.

66.    DOL decisions and actions are irrelevant and would be inadmissible at trial and, likewise witnesses' comments about such decisions and actions are irrelevant and inadmissible at trial.

67.    Denied. Such devices as barcodes, PINs are irrelevant and inadmissible at trial.

68.    Denied. Employees were required to record the hours worked. (Alba deposition, p. 29 (employees "are required to fill the time sheet").

69.    Denied. Employees were required to record the hours worked. (Alba deposition, p. 29 (employees "are required to fill the time sheet").

70.    Admitted.

71.    Admitted.

72.    Denied. (DeMarco deposition, p. 105 – "Do any of the waiters right now work double shifts? Lunch and dinner? (Answer: "No").

73.    Denied.

74.    DOL decisions and actions are irrelevant and would be inadmissible at trial and, likewise witnesses' comments about such decisions and actions are irrelevant and inadmissible at trial.

75.     Denied. Irrelevant.

76.     Denied. Irrelevant.

77.     Denied. Irrelevant.

78.     Denied. Irrelevant.

79.     Denied. Irrelevant.

80.     Denied.

81.     Denied. Liriano's testimony is discredited by deposition testimony of Alba and DeMarco.

82.     Denied. Liriano's testimony is discredited by deposition testimony of Alba and DeMarco.

83.     Admitted.

84.     Denied: Alba testified that employees were paid the "minimum wage".

85.     Admitted.

86.     Admitted.

87.     Admitted.

88.     Admitted.

89.     Denied. Irrelevant.

90.     DOL decisions, actions and discussions are irrelevant and would be inadmissible at trial and, likewise witnesses' comments about such decisions and actions are irrelevant and inadmissible at trial.

91.    DOL decisions and actions are irrelevant and would be inadmissible at trial and, likewise witnesses' comments about such decisions and actions are irrelevant and inadmissible at trial.

92.    Denied. Irrelevant.

93.    Denied.

94.    Denied.

95.    Denied.

96.    Denied.

97.    Denied.

98.    Denied.

99.    Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Allegations in an answer are not evidentiary, and do not constitute facts upon which plaintiffs may rely in support of their motion.

Dated:       New York, New York
             May 31, 2013

                                    Gleason & Koatz, LLP

                                    By: /s/ <u>John P. Gleason</u>
                                         John P. Gleason

                                    122 East 42nd Street
                                    New York, New York 10168
                                    (212) 986-1544
                                    jgleason@gleasonkoatz.com
                                    Attorneys for Defendants

11